### L. C. MERRITT V. BERNARD FREIBERG.

Delivered March 26, 1896.

**1.  Foreclosure of Mortgages Securing Same Debt—Equity of Mortgagees.**
  F. purchased from M. certain property subject to a mortgage, M. agreeing to apply the purchase money to the satisfaction of the mortgage.  This he failed to do, but afterwards executed to his creditor another mortgage on other property to secure the mortgage debt.  F. was sued by the creditor to foreclose the first mortgage; and it is held that he had the right to have the property covered by the second mortgage first sold in satisfaction of the debt.

**2.  Same—Community Property.**
  The fact that the property embraced in the second mortgage was community property of M. and his wife afforded no reason why it should not in this case be first subjected to sale.

APPEAL from Rusk.  Tried below before Hon. W. J. GRAHAM.

*W. C. Buford, J. H. Turner* and *John R. Arnold*, for appellant.

*N. B. Morris*, for appellee.

WILLIAMS, ASSOCIATE JUSTICE.—This case was before us on appeal of Freiberg at a former term, and its nature as well as the questions involved, and the disposition made of it will be found reported in 7 Texas Civ. App., 265.

After it was remanded for a retrial of the issues between Merritt and wife and Freiberg, some additional pleadings were filed, and a judgment was rendered foreclosing the second mortgage, referred to in the report, upon the 350 acres of land belonging to Mrs. Merritt, and ordering it sold to indemnify Freiberg against the charge which had been established in favor of the minor plaintiff, Pauline DeLamar, on the property bought by Freiberg from Merritt. It is unnecessary to state the pleadings in detail.

From both the pleadings and uncontradicted evidence, the case appears to be this: Merritt gave to the guardian of the minor, Pauline DeLamar, a mortgage on the Sunny South saloon to secure a debt, and subsequently sold that property to Freiberg, agreeing to satisfy the mortgage out of the money paid to him by the latter. This he did not do, but procured from the guardian a written acknowledgment of the payment of the secured note and a written release of the lien. The debt due the minor, and the obligation assumed by Merritt to Freiberg to pay it, in order to exonerate the property purchased by the latter, therefore remained undischarged, and afterwards, in recognition of his obligation, Merritt executed to the guardian, a new note for the debt, and he and his wife gave the mortgage on the 350 acres of land, the separate property of the wife, to secure it.

Freiberg being sued in behalf of the minor for a foreclosure of the first mortgage, seeks for his protection to have the property embraced in the second mortgage sold to pay the debt secured by both mortgages.

The first objection urged to this is, that he has not paid the debt and his property has not been sold, and that until this has been done, he cannot be subrogated to the rights of the creditor under the second mortgage. It is ordinarily true that a security or a party secondarily liable for a debt, must pay it in order to entitle him to be substituted to rights and securities held by the creditor against the principal debtor. Two reasons might be given for this; first, that until his debt has been paid, the creditor has the right to hold and enforce the securities for his own protection; and second, until the surety has paid the debt, the principal owes him nothing and he has no right to demand the payment of anything to himself. The first reason cannot be urged against the proceeding in which the relief sought is simply to have a security enforced for the payment of the creditor's claim; and the second does not operate to prevent the enforcement of the creditor's claim against the property

of the principal debtor, because nothing is thereby sought to be recovered by the surety from the principal.

Freiberg is not personally bound to the minor's estate for the debt, but his property is. As against the creditor his property is not secondarily but primarily chargeable. As between him and Merritt the case is different. The debt is Merritt's, and he is under express obligation to Freiberg to protect the property conveyed to the latter by paying it. As between these two, Merritt is primarily liable, and Freiberg's property is the surety for his obligation. 1 White & T. Leading Cases Eq., part 1, pp. 148–150, and authorities cited.

The new note was given for the debt which Merritt was bound to pay in discharge of his obligation, both to the creditor and to Freiberg, and the mortgage on Mrs. Merritt's property was given to secure such obligation. This was a consideration for the mortgage. It is plain, therefore, that while the estate of the minor was not to be prejudiced, or her rights as to the saloon property lost or impaired by the transactions between Merritt and Freiberg and the unauthorized act of her guardian, Freiberg became entitled to have Merritt discharge the debt; and as Mrs. Merritt undertook to secure her husband's obligations, her property, by her contract, necessarily became primarily chargeable in Freiberg's favor. By the new note and mortgage, Merritt and wife gave security for the doing of the thing which Merritt was bound to do under his agreement with Freiberg. As the right of Freiberg, therefore, is to have Merritt satisfy the debt in order to protect his property, it is of the very essence of that right that, as between themselves, he should have the security given by Merritt applied, so as to relieve his property. If the courts are to afford him a remedy at all, this is the only effectual one suggested by the relations between the parties. Freiberg's attitude is not that of a surety personally bound for the debt who can pay it, as he is bound to the creditor to do, and then proceed to indemnify himself out of securities held by the creditor. He is not responsible for the debt, and, while his property is, he, at the same time, is entitled to demand protection for it from Merritt. To require him to pay the debt, is to require him to do that which he is under no obligation to any one to do. If he can get no relief against Merritt without paying the debt, he is reduced to the alternative of letting go his property for which he has fully paid Merritt, or of paying a debt for which he is not bound and taking the chances of recovering it back out of the property covered by the second mortgage.

We do not see that resort need be had to the doctrine of subrogation. That was not the only remedy which courts of equity afforded even to sureties bound for the debt. It became an established practice, before statutes in some States made it unnecessary, to entertain bills brought by sureties after maturity of the obligation, in the nature of bills quia timet, to have the principals decreed to pay the debt, when the circumstances made it proper to protect the surety from danger of ultimate loss. It is unnecessary to inquire whether such a proceeding as that can be maintained in our courts in cases of ordinary suretyship. Our statutes

perhaps make the remedy inapplicable here. But there is no statute which would prevent one, situated as Freiberg, when sued for foreclosure of the mortgage on his property, to pay a debt for which other property has, by his vendor, been made primarily liable, to have such other property brought into the suit and subjected, so as to protect him, so far as can be done consistently with the rights of the creditor; and such a remedy is, we think, fully warranted by the principles that have often been declared on kindred questions. Beaver v. Beaver, 23 Pa. St., 167; Andesco Oil Co. v. N. A. Oil Co., 66 Pa. St., 375; Bishop v. Day, 13 Vt., 81; Hayes v. Ward, 4 Johns. Ch., 123; King v. Baldwin, 2 Johns. Ch., 584, 17 Johns., 384; Norton v. Reid, 11 S. C., 593; White v. Schurer, 4 Baxt., 23; Stephenson v. Taverners, 9 Gratt., 389; Dempsey v. Bush, 18 Ohio St., 376; Rowan v. Sharpe, 33 Conn., 11.

No right of the creditor is jeopardized and no objection is urged by her, and Merritt and wife have no right to object to a judgment which only enforces their obligation.

The decision in Gilliam v. Esselman, 5 Sneed, 86, would seem, at first blush, to militate against the views expressed by us, but it is, we think, clearly distinguishable. Without pursuing the subject further, we are of the opinion that Freiberg had the right, as against Merritt and wife, to bring in the property embraced in the second mortgage and have it subjected to the payment of the debt for the primary liability of Merritt for which it was given, and that the general demurrer to his pleadings were properly overruled, and a verdict in his favor as against Merritt and wife, properly directed.

It is undoubtedly true that, where community property and the separate property of the wife are both mortgaged for the debt of the husband, the community property is ordinarily first subject. But that principle does not apply here, because, as between Freiberg and Merritt, there was an obligation of the latter to pay the debt and relieve the property sold by him to the former, and to secure the discharge of that obligation, the wife mortgaged her separate estate. By the very nature of the transaction, it became primarily subject.

The judgment is affirmed.　　　　　　　　　　　　　　*Affirmed.*

Writ of error refused.